## ARKANSAS GRAVEL CO. v. WILLIAMS ENGINEERING SERVICE, Inc.

(Circuit Court of Appeals, Fifth Circuit. March 27, 1925. Rehearing Denied April 15, 1925.)

No. 4478.

Appeal and error ⟨⟩729, 730(1)—Denial of motion for directed verdict and refusal of requested instructions considered, though assignment of error does not conform to rules.

Though generally assignment of error does not conform to Circuit Court of Appeals rule 11, the appellate court may consider refusal of motion for directed verdict and denial of requested instructions.

In Error to the District Court of the United States for the Southern District of Mississippi; Robert T. Ervin, Judge.

Suit by the Williams Engineering Service, Inc., against the Arkansas Gravel Company. Decree for plaintiff, and defendant brings error. Affirmed.

Joe T. Robinson and J. W. House, Jr., both of Little Rock, Ark., G. Garland Lyell, of Jackson, Miss., and C. T. Coleman, of Little Rock, Ark., for plaintiff in error.

D. R. Barnett, J. G. Holmes, and C. D. Williams, all of Yazoo City, Miss., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. There is very little or no dispute as to the material facts in this case. It appears that the defendant in error, hereafter referred to as the Engineering Company, had a contract to build a stretch of concrete road in Mississippi of about four miles, with three bridges, and entered into a contract with the plaintiff in error, hereafter called the Gravel Company, to furnish the necessary sand and gravel for the work. The material was to be obtained from a certain sand and gravel bar in the Yazoo river, for which the Engineering Company had made arrangements, and pumped by the Gravel Company into overhead bins situate at a point convenient to the work, for which it was to receive $1, per cubic yard. The contract provided that the Gravel Company was to screen and wash the gravel to the satisfaction of the state highway engineer. The contract further provided that if sufficient material could not be obtained from the said bar, and the Gravel Company was obliged to go elsewhere in the Yazoo river to get it, the price should be raised to $1.25 per cubic yard if the distance exceeded five miles. The contract was contingent upon the ability of the Gravel Company to obtain acceptable sand and gravel from the Yazoo river, and in the event that the material was not approved by the highway engineer, after every reasonable effort had been made to make it so, then the contract was to be at an end and the Engineering Company was to pay one-half of the operating expenses of the Gravel Company, incurred in bringing its equipment from Arkansas City to the point in the Yazoo river where the dredging was to be done.

The Gravel Company performed part of the contract and discovered it was a losing one. Attorneys representing it then, without notice to the Engineering Company, obtained from the highway engineer a letter, addressed to the said attorneys, stating in effect that the material already supplied was not acceptable in its then condition. At that time some tests had been made of the material and had been proven unsatisfactory. Later on, other tests were made, with the result that it was accepted and used in the work. The Gravel Company assumed this letter to be a final rejection of all materials from the bar in the Yazoo river from which it was contemplated it should be first taken, and abandoned the contract. Thereafter additional material was obtained by the Engineering Company from other sources and the road contract was completed.

Suit was brought by the Engineering Company to recover the difference between the contract price and the increased cost of the additional material needed and for the rent of a stiff-legged derrick supplied by them to the Gravel Company. The Gravel Company filed a cross-complaint, claiming compensation for one-half of its expenses under the contract. The cross-claim was decided adversely by the court, and the case went to the jury on the claim of plaintiff for damages. A verdict for plaintiff resulted, and judgment was entered accordingly, to reverse which this writ of error is prosecuted.

The assignment of errors does not conform to rule 11 of this court, which requires each error relied upon to be separately and particularly set out, and it is difficult to determine what plaintiff in error relies on for a reversal, except in a general way. However, it is reasonably certain that a number of special charges and a request for a directed verdict were refused and proper exceptions taken. These we may consider.

There is no question that the court properly instructed the jury to reject the cross-claim of the Gravel Company, and properly refused the motion for a verdict in its favor. Without considering the circumstances surrounding the obtaining of the letter from the highway engineer above referred to, the letter itself was not a final rejection of the material. The most it stated was that the material was not acceptable in its then condition. At that time no effort had been made by the Gravel Company to wash and screen the material, as it was obliged to do by its contract, and, while there is some testimony in the record that would tend to show that such treatment would not make it acceptable, this is entirely overcome by the fact that it was subsequently accepted and used without any additional treatment.

It is quite evident that the Gravel Company was seeking a pretext to evade compliance with an unprofitable contract. The amount of damages sustained by the Engineering Company was clearly proven. Objection was made by the Gravel Company to the buying of additional material, on the theory that the Engineering Company should have procured some one else to complete the contract for dredging; but it is shown that, had that method been adopted, the resulting damages would have been greater.

The court charged the jury fully and fairly on the law of the case, and gave one special charge, requested by the Gravel Company, to the effect that, if the jury found the Gravel Company had used every reasonable effort to make the sand and gravel acceptable to the highway engineer, and that it was then rejected by him, it had the right to treat the contract as at an end, and the plaintiff was not entitled to recover. This was most favorable to the defendant, perhaps more favorable than they had the right to request.

Without specifically referring to the other charges requested and refused, it is sufficient to say that there was no error in their refusal.

As no error appears in the record, the judgment is affirmed.